UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMED MARJANJOU, A-095-682-286,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF THE GOLDEN STATE ANNEX DETENTION FACILITY, et al.,<br><br>Respondents. | No.  1:25-cv-01580-DC-EFB (HC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(ECF Nos. 11, 12, 21, 22, 25) |

Petitioner is a native and citizen of Iran, currently in the custody of Immigration and Customs Enforcement (ICE), who has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On April 6, 2026, the magistrate judge filed findings and recommendations which were served on both parties, and which contained notice that any objections to the findings and recommendations were to be filed within fourteen days.  ECF No. 21.  In the findings and recommendations, the magistrate judge concluded that Petitioner's prolonged detention without a bond hearing violated petitioner's due process rights.  *Id.*  As a result, the magistrate judge recommended a bond hearing before an immigration judge (IJ) within seven days.  *Id.*

Respondents filed objections to the findings and recommendations based solely on "the reasons set forth in Respondents' previous briefing."  ECF No. 23.  Petitioner filed objections to the findings and recommendations, and a motion for reconsideration of the recommended

remedy.  ECF No. 22.  Specifically, Petitioner objects to the recommendation of a bond hearing before an IJ because, according to Petitioner, the immigration court system is no longer an independent adjudicative body.  *Id.*  Petitioner requests that the court reject the order of a bond hearing before an IJ and order that any custody determination be conducted before an Article III District Court judge.  Alternatively, Petitioner requests an order of immediate release.

Given that Respondents have brought no objections other than the arguments already addressed by the magistrate judge, the court overrules Respondents' objections.   The court will also overrule Petitioner's objections and denies his motion for reconsideration.  The magistrate judge recommended a bond hearing before an IJ, and Petitioner has presented no clear authority indicating that another result is required at this juncture.  It is true that, as Petitioner points out, the Executive Office of Immigration Review (EIOR) has issued guidance that *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025), which incorrectly found that certain noncitizen detainees were subject to mandatory detention without a bond hearing, should nonetheless be followed by IJs.  ECF No. 22.  That guidance, however, was issued on January 13, 2026, and on February 18, 2026, *Yahure Hurtado* was vacated.  *Bautista v. Santacruz*,  820 F. Supp. 3d 1016, 1030, 2026 (C.D. Cal. 2026); *see also Garro Pinchi v. Noem,* 2025 WL 3691938 (N.D. Cal. Dec. 19, 2025) (staying guidance requiring mandatory detention under 8 U.S.C. § 1225(b) within ICE's San Francisco area of responsibility, an area that includes the Eastern District of California).  Moreover, it is not disputed that Petitioner, who is subject to a final removal order pursuant to 8 U.S.C. § 1231, is not part of the group of detainees addressed in *Yahure Hurtado*, *Bautista*, and *Garro Pinchi*.   Finally, Petitioner has not submitted evidence that IJs are making blanket denials of release in similar cases.

Thus, in accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case and addressed the objections of Petitioner and Respondents.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.  The court thus overrules the objections of both parties and denies petitioner's motion to reconsider.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed April 6, 2026 (ECF No. 21) are ADOPTED in full;

2. Petitioner's motion for a preliminary injunction (ECF No. 11) is GRANTED as follows:

   a. Within fourteen (14) days, Respondents are ORDERED to provide Petitioner Hamed Marjanjou (A-095-682-286) a bond hearing before an immigration judge at which the government shall bear the burden, by clear and convincing evidence, that Petitioner is either a flight risk or risk to community safety such that Petitioner's continued immigration detention is justified; and

   b. If Respondents fails to provide Petitioner a bond hearing within fourteen (14) days, Petitioner shall be immediately released from Respondents' custody on the same terms as Petitioner's previous release;

3. Respondents' motion to dismiss (ECF No. 12) is DENIED;

4. Petitioner's motion for reconsideration (ECF No. 22) is DENIED;

5. Petitioner's motion for a temporary restraining order (ECF No. 25) is DENIED as having been rendered moot by this Order;

6. The Clerk of the Court is directed to serve a copy of this order on the Golden State Annex Detention Facility; and

7. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   **June 18, 2026**

Dena Coggins
United States District Judge

3